RECEIVED SEP 22 2017 AT 8:30_____M WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

THOMAS BIONDOLILLO, *individually and on behalf of all others similarly situated,*

Plaintiff,

v.

ROCHE HOLDING AG, SEVERIN SCHWAN, and ALAN HIPPE,

Defendants.

Civ. No. 17-04056

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel by Kevin Gardeck ("Movant"). The Court has decided this Motion based upon the written submissions of the parties pursuant to Local Civil Rule 78.1(b). For the foregoing reasons, the Court grants Movant's Motion.

## BACKGROUND

This case is a securities class action, pending class certification, by Thomas Biondolillo ("Plaintiff"), on behalf of others similarly situated, against Defendants Roche Holding AG, Severin Schwan, and Alan Hippe (collectively "Defendants") for violations of Sections 10(b)

1

and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. (*See* Compl., ECF No. 1.) Plaintiff alleges that Defendants made false and misleading statements regarding the efficacy of two breast cancer treatments, which artificially inflated Roche Holding's stock price. (*Id.* ¶¶ 17–18.) Plaintiff claims that he, and others who purchased securities pursuant to this misleading information, would not have done so otherwise. (*Id.* ¶¶ 40–42.)

Plaintiff filed his Complaint on June 6, 2017. (ECF No. 1.) On August 7, 2017 Movant filed this Motion (ECF No. 5), which has not been opposed by other members of the proposed class or Defendants.

## LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") sets forth the procedural guidelines for plaintiff class actions brought under the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(1), including the process by which a lead plaintiff is selected to represent the class. Temporally, an individual moving to be appointed as a lead plaintiff ("movant") must file a motion within 60-days of publication of the first-filed action. *See id.* § 78u-4(a)(3)(A)(i)(II); *Topping v. Deloitte Toche Tohmatsu CPA*, 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015). Courts then engage in a multi-step inquiry to assess whether a movant is the "most adequate plaintiff" to represent the class, 15 U.S.C. § 78u-4(a)(3)(B)(i), even where a motion for lead plaintiff is unopposed, *Lewis v. Lipocine Inc.*, 2016 WL 7042075, at *3.

As a threshold matter, courts must examine the notice published to ensure that it "encourage[ed] the most adequate plaintiff . . . to come forward and take control of the litigation." *Id.* (internal citations omitted). Next, a movant is presumed to be the most adequate plaintiff if he has the largest financial interest in the relief sought and satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. *In re Cendant Corp. Litig.*, 264

2

F.3d 201, 222 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii)(I)). Finally, courts must determine whether there is any information to rebut this presumption, such that the movant will not adequately or fairly represent the class's interests or have any unique defenses that will render him unable to adequately represent those interests. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "If no class member rebuts the presumption, then the district court 'should appoint the presumptive lead plaintiff.'" *In re Cendant*, 264 F.3d at 268.

## ANALYSIS

### A. Class Notice

No more than 20 days after the complaint is filed, notice must be published in a national business publication or wire service; it must describe the members of the purported class, pendency of the action, claims asserted, and class period. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). Notice should also "inform putative class members that they have the right to move the district court to serve as lead plaintiff in the class action." *Lewis*, 2016 WL 7042075, at *3.

The Rosen Law Firm, P.A. issued a notice the day the Complaint was filed, June 6, 2017, on BusinessWire wire service. (Rosen Decl. in Supp. Mot. Appoint Lead Pl. [hereinafter Rosen Decl.], Ex. 1, ECF No. 7-1.) The notice included the basis of Plaintiff's claims, the class period, the nature of the class, and the right to move the Court to be lead plaintiff by August 7, 2017— 60 days after the publication of the notice. (*Id.*) As a threshold matter, the notice published in this case meets the PSLRA notice standards.

### B. Presumption for Lead Plaintiff

#### 1. Largest Financial Interest

Courts determine whether a plaintiff has the largest financial interest by assessing, "(1) the number of shares that the movant purchased during the putative class period; (2) the total net

3

funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant*, 264 F.3d at 262.

Movant claims that from March 2, 2017 to June 5, 2017 (the class period) he purchased 10,250 shares of Roche Holding AG securities, spent a total of $329,955, and ultimately lost $7,490. (Mot. Appoint Lead Pl. at 5, ECF No. 6; Rosen Decl., Ex. 3, ECF No. 7-3.) Movant, however, does not provide information of other potential class members' financial holdings to determine whether he in fact has the largest financial interest at stake or lost the greatest amount during the class period. Because no other individuals have come forward attesting to their losses, the Court finds that Movant articulates a sufficiently significant financial interest.

2. Rule 23 Requirements

At this stage, the Rule 23 inquiry is limited to the typicality and adequacy factors, as the rest are to be determined once the lead plaintiff moves for class certification. *Chao Sun v. Han*, 2015 WL 2364937, at *2 (D.N.J. May 14, 2015). The movant must only make a *prima facie* showing of these factors. *In re Cendant*, 264 F.3d at 263. To assess adequacy, the Third Circuit considers whether plaintiff has: the ability and incentive to vigorously represent the class, obtained competent counsel, and any conflicts with the class's claims. *Chao Sun*, 2015 WL 2364937, at *3; *see also In re Cendant*, 264 F.3d at 265 (placing particular emphasis on selection of adequate, skilled counsel).

Movant makes an initial showing of adequacy and typicality for the class. First, Movant has expressed his willingness to serve as lead plaintiff and fulfill all related obligations. (Rosen Decl., Ex. 2 ¶ 3, ECF No. 7-2.) Next, the Court finds Movant's retention of The Rosen Law Firm, P.A. as proposed lead counsel persuasive. (Mot. Appoint Lead Pl. at 7.) The Rosen Law Firm wrote the Complaint and published the notice in this case (*see generally* Compl.; Rosen

4

Decl. in Supp. Mot. Appoint Lead Pl., Ex. 1), and its resume demonstrates a great deal of experience with securities class actions, including within this District. (Rosen Decl. in Supp. Mot. Appoint Lead Pl., Ex. 4, ECF No. 7-4.); *see also P. Van Hove BVBA v. Universal Travel Grp., Inc.*, 2017 WL 2734714, at *4 ("[T]he Rosen firm has extensive experience in class actions."). Finally, Movant's brief asserts that he shares the same claims and injuries as those of the Plaintiff and pendent class, specifically that Defendants' material misstatements were violations of the Securities Exchange Act and misled him to purchase stock at an artificially inflated price. (Mot. Appoint Lead Pl. at 6.) There is no information of contradictory or conflicting claims on the record to undermine Movant's typicality.

### 3. Rebutting the Presumption

The Court has no information before it to suggest unfair or inadequate representation or unique and contradictory defenses to defeat the presumption of "most adequate plaintiff." (Mot. Appoint Lead Pl. at 7); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Therefore, the Court finds that Movant should be appointed lead plaintiff.

## C. Lead Counsel

Once the most adequate plaintiff is established, it is that individual or entity's obligation to select lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). It is the court's role to either approve or reject lead plaintiff's choice of counsel. *In re Merck & Co., Inc. Securities Litigation*, 432 F.3d 261, 266 (3d Cir. 2005) (emphasizing the use of the phrase "subject to the court's approval" in the PSLRA). As discussed above, Movant has selected The Rosen Group as lead counsel. With its extensive experience in securities litigation and securities class actions, *see supra* Section B.2, the Court approves movant's choice of counsel.

## **CONCLUSION**

For the reasons stated herein, Movant's motion is granted. An appropriate order will follow.

Date: 9/21/17

　　　　　　　　　　　　　　　　　　　　　　／s／ Anne E. Thompson
　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.